5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 AGRIBANK FCB, as successor in interest to Farm Credit Bank
of St. Louis, Appellee,
v.
James L. GARROTT, Sr.; Mary E. Garrott; Dorothy W.
Garrott; James L. Garrott, Jr.; William R.
Montgomery; Evelyn Montgomery, Appellants.
Agribank FCB, as successor in interest to Farm Credit Bank
of St. Louis, Appellee,
v.
Dorothy W. Garrott; Mary E. Garrott; James L. Garrott,
Jr.; William R. Montgomery; Evelyn Montgomery;
James L. Garrott, Sr., Appellants.
 No. 93-1018.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 13, 1993.
Filed: September 28, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants ask us to set aside the money judgment entered against them by the District Court.[1] This appeal is the latest chapter in protracted litigation between these parties that has reached this Court on several previous occasions. The factual background of the case is fully set forth in the memorandum opinion and order of the District Court, and will not be repeated here.
 
 
 2
 Counts I and II of appellee's complaint claimed deficiencies due on certain promissory notes. Appellants admitted executing the notes and that a balance was due thereon. The District Court concluded that because of a partial payment on those notes in 1986 the statute of limitations had not expired before appellee filed suit against appellants. The court also rejected appellants' defense that appellee had released appellants from their obligations on the notes. The District Court therefore entered judgment for appellee on these counts.
 
 
 3
 Count III of the complaint sought damages for breach of contract. Appellants agreed to place in escrow deeds to the farms that served as collateral for the notes. The agreement contemplated that if appellants defaulted on payment, the escrow agent would deliver the deeds to appellee, thus allowing appellee to convert its collateral to cash without the delay and expense of foreclosure. The District Court found that appellants had thwarted the purpose of the agreement by filing a bad faith lawsuit against appellee to enjoin the transfer. The court awarded appellee the damages it sustained as a result of being unable to dispose of the farms during the three years it took to resolve the bad faith lawsuit.
 
 
 4
 For reversal, appellants argue that the court erred in (1) finding that the statute of limitations had not run and that their promissory notes had not been discharged; (2) finding that the oral release alleged by appellants had to be proved by clear and convincing evidence rather than simply by a preponderance of the evidence; (3) refusing to allow appellants to put on proof as to mitigation of damages; (4) finding that the filing of the transfer lawsuit constituted a breach of contract; and (5) finding that the transfer lawsuit was not res judicata as to appellee's claims in the present action.
 
 
 5
 Having carefully considered appellants' arguments, we conclude that none of the factual findings of the District Court is clearly erroneous and that no error of law appears. The District Court's memorandum opinion and order setting forth its findings of fact and conclusions of law is well-reasoned and contains a thorough discussion of the issues, and an opinion by this Court would lack precedential value. Accordingly, the judgment of the District Court is affirmed without opinion.
 
 
 6
 Appellee's motion to strike certain pages of appellants' supplemental appendix is denied as moot.
 
 
 7
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas